CASE 2—INDICTMENT—DECEMBER 6.

# Commonwealth vs. Patterson, &c.

APPEAL FROM M'LEAN CIRCUIT COURT.

1. The sufficiency of an indictment, or the necessity of any order, step, or procedure, in a criminal or penal proceeding arising since the Criminal Code went into effect, must be determined by its provisions.

2. Since the adoption of the Criminal Code, a prosecutor is not necessary to an indictment for an assault and battery.

JAMES HARLAN for Commonwealth.

JUDGE STITES DELIVERED THE OPINION OF THE COURT:

The only question in this case is, whether, since the adoption of the Criminal Code, a prosecutor is necessary to an indictment for an assault and battery.

The act of 1796 (1 *Stat. Law*, 531) required, in every information for trespass or misdemeanor, the name of a prosecutor, and also his residence, and profession or title. By the act of 1816 (1 *Stat. Law*, 542) this requirement was dispensed with, except in cases relating to trespasses upon the person or property of individuals; but in such cases it was indispensable that there should be a prosecutor, and that his name should be annexed to the indictment or presentment; and such prosecutor was liable for costs on failure to convict the party accused.

This law was not affected by the adoption of the Revised Statutes, it being a statute regulating proceedings in penal cases, and not inconsistent with any provision of the Revised Statutes or the Civil Code of Practice. (*Rev. Stat., p.* 127.) But in our opinion it has been virtually repealed by the act of 1853–4, adopting the Code of Practice in criminal cases, which declares that all laws coming within the purview of the provisions of the Criminal Code shall stand repealed after the 1st July, 1854, except as to cases commenced before the 1st September, 1854.

The Criminal Code provides, or was intended to provide, a new and complete mode of procedure in all criminal and penal cases arising after the 1st July, 1854. Among other rules, it prescribes the duties of grand juries, as well as their powers. It defines with precision the meaning and effect of an indictment. It prescribes its form, and the manner in which it must be prepared and presented; and these regulations apply alike to all prosecutions, whether for felonies or misdemeanors.

It was designed to regulate the proceedings in such cases in all the courts of this State, and it is so declared in the act of adoption, *supra.* And all previous laws pertaining to the same subject-matter, and prescribing different regulations, are necessarily within its purview, and come within the repealing clause referred to. To this latter class belong the statutes of 1796 and 1816, *supra;* and their requirements, so far as they differ with the Code, are no longer in force.

In testing the sufficiency of an indictment in a case arising since the Code went into effect, or in determining the necessity of any order, step, or procedure, in a criminal or penal proceeding, we must look to, and be governed by, its provisions.

An application of this rule to the present case settles the question now raised, because there is no provision of the Criminal Code which demands a prosecutor in indictments for trespasses to persons or property; and it makes no distinction between offenses of that description and any other, but permits them to be prosecuted to trial and conviction, as other offenses against the law.

It seems to us, therefore, that the circuit court erred in dismissing the indictment for want of a prosecutor.

Wherefore, the judgment is reversed, and cause remanded for further proceedings.